**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:12-cv-03224

Heather Wood,

    Plaintiff/Movant,

Hillcrest, Davidson, and Associates LLC; and
DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Heather Wood, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Heather Wood ("Plaintiff"), is an adult individual residing in Castle Rock, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hillcrest, Davidson, and Associates LLC ("Hillcrest"), is a Texas

business entity with an address of 850 North Dorothy Drive, Suite 512, Richardson, Texas 75081-2794, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Hillcrest and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Hillcrest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,200.00 (the "Debt") to Pinnacle Alarm System (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Hillcrest for collection, or Hillcrest was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hillcrest Engages in Harassment and Abusive Tactics

## FACTS

12. Beginning on or about November 26, 2012, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. During Plaintiff's initial communication with Defendants, she requested documentation of the Debt; however, Defendants responded that they would not provide her with

anything.

14. During such conversation, Defendants used a loud and aggressive tone with Plaintiff in an effort to intimidate her into paying the Debt, such as cutting off Plaintiff while she was in mid-sentence to demand her checking account number.

15. Furthermore, Defendants threatened that if Plaintiff did not pay the Debt by 6:00 p.m., Defendants would immediately commence legal action against her.

16. Plaintiff informed Defendants that she was unemployed and could not pay the Debt, and furthermore, requested that Defendants cease calls to her.

17. Defendants responded by calling Plaintiff a liar, and proceeded to call Plaintiff one dozen times that same day to Plaintiff.

18. Additionally, Defendants placed calls as early as 7:00 a.m. and as late as 10:30 p.m. to Plaintiff.

19. Shortly after Plaintiff informed Defendants of her legal representation, Defendants placed an additional call to Plaintiff, and during such telephone call, Defendants interrupted Plaintiff while in mid-sentence to state that Plaintiff was not represented by anyone and they would not call her attorney.

### C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692,** *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading means in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendant's violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 11, 2012

Respectfully submitted,

By  */s/ Lark Fogel*

Lark Fogel, Esq.

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Law Office of Lark Fogel
Bar Number: 030383
lfogel@lemberglaw.com
Attorneys for Plaintiff

<u>Plaintiff:</u>
Heather Wood
3958 Lazy K Drive
Castle Rock, Colorado 80104